GEORGIA BRADLEY, Plaintiff, *v.* WALTER BLOUNT, CITY OF ROCHESTER, COUNTY OF MONROE, CLARENCE A. SMITH, as the County Manager of the County of Monroe, the TOWN OF IRONDEQUOIT, and ROCHESTER TRANSIT CORPORATION, Defendants.

RAYMOND BRADLEY, Plaintiff, *v.* WALTER BLOUNT, CITY OF ROCHESTER, COUNTY OF MONROE, CLARENCE A. SMITH, as the County Manager of the County of Monroe, the TOWN OF IRONDEQUOIT, and ROCHESTER TRANSIT CORPORATION, Defendants.

Supreme Court, Monroe County, August 25, 1941.

*Smith & Praker,* for the plaintiffs.

*William H. Emerson,* for the defendant City of Rochester.

*Robert W. Lochner,* for the defendant Town of Irondequoit.

*Harry Rosenberg,* for the defendant County of Monroe.

GILBERT, J. Plaintiffs in each of the above-entitled actions move for an examination of the defendant municipal corporations under section 292-a of the Civil Practice Act, added by chapter 921 of the Laws of 1941, in effect May 1, 1941. Since the motion was made the plaintiffs have abandoned the motion so far as the County of Monroe and the Town of Irondequoit are concerned, but pressed the motion as against the defendant City of Rochester.

Included in the motion is a request to further amend the amended complaints in the actions as to paragraph " 14 " thereof. The motion to amend paragraph " 14 " is not contested and that part of the motion will, therefore, be granted.

The pleadings were not submitted at the time the motion was made and the court has only the affidavits used in support of and opposed to the motion together with the briefs submitted by respective counsel. However, the proposed amendment to the complaint which will be granted very possibly contains the pertinent part of the complaint to be considered on this motion for an examination before trial.

It is conceded that prior to the amendment to the Civil Practice Act in 1941 which added section 292-a, there would not be authority to grant the examination asked for, so it becomes necessary first to determine from the papers on the motion whether or not the new section applies. While it was asserted in opposition to the motion that the section in question was passed merely to apply in the Metropolitan District, there is nothing in the section itself which so restricts its application and it will be considered on this motion as having general application throughout the State

Under the provisions of section 292-a, one of two situations must exist in order for a moving party to obtain the benefit of the examination before trial provided for in the section: *First,* the action must arise out of the ownership, operation or maintenance by the municipal corporation " of a public utility," or *second,* the cause of action must arise out of the ownership, operation or maintenance of a public utility which has subsequently been transferred or assigned to a municipal corporation. In either case the section contemplates the existence, by ownership, operation or maintenance of a " public utility."

An examination of the papers used by the plaintiffs in support of their motions fails to disclose such necessary allegations, namely, either that the action arises from the act or neglect of a municipal corporation while engaged in the ownership, operation or maintenance of a public utility, and arising out of such ownership, operation or maintenance, or the act or neglect of a third party engaged in the ownership, operation or maintenance of a public utility and arising out of such ownership, operation or maintenance, and which has since been transferred or assigned to the municipal corporation.

On this vital point, the plaintiffs' moving affidavits allege simply that the defendant Rochester Transit Corporation for some years *prior* to September 4, 1937, owned and maintained an electric street railroad upon Ridge road and across the intersection of Culver road, and that the said transit corporation was negligent in the manner in which its electric railway, tracks, roadbed, paving and telegraph poles were constructed, maintained, repaired and permitted to exist, and that they constituted a nuisance, a trap and a snare for motorists, etc., and at another place in the affidavits, " that, upon information and belief, the New York State Railways, its trustees, and the Rochester Transit Corporation have at various times assigned or transferred to the City of Rochester, the County of Monroe, and the Town of Irondequoit some of its rights, interest, and obligations in and to its properties and in and to the operation and maintenance of said railway and railway properties." No sources of information or grounds for belief are alleged whatever.

The proposed amendment to the amended complaint alleges upon information and belief merely " that said tracks, right of way and appurtenances at the place of and adjoining said intersections formerly belonged to a public utility, the New York State Railways, a domestic street railway company, and that the Rochester Transit Corporation, the County of Monroe, the City of Rochester, and the Town of Irondequoit have since acquired by assignment or other transfer, rights in and to the ownership, operation, and maintenance thereof and each of said defendants are now successors in interest to said New York State Railways." This clause of the complaint may scarcely be deemed an allegation that the causes of action arose out of the operation, maintenance or ownership of a public utility.

The new section 292-a of the Civil Practice Act must be considered as a remedial section. However, it is such a departure from the accepted practice existing prior to its passage that it should clearly appear that a person seeking its benefit has placed

himself within its provisions  It is possible that the plaintiffs on another application may be able to make such a showing but I feel that they have not done so in the present instance.

Plaintiffs' motion, therefore, is denied so far as an examination of the municipal corporations is concerned, without prejudice to another application if they so desire, and is granted in respect to the amendment to the complaint set forth in the moving papers.

Ordered accordingly.